IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRAD CHAMBERS,
#217212                                                              PLAINTIFF

V.                    CASE NO. 5:19-CV-234-JM-BD

ARKANSAS DEPARTMENT
OF CORRECTIONS, *et al*.                                          DEFENDANTS

## RECOMMENDED DISPOSITION

### I.     Procedures for Filing Objections

This Recommendation has been sent to Judge James M. Moody Jr. Any party may file objections. To be considered, objections must be filed within 14 days of filing of the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

Parties who do not object may waive the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

### II.    Background

Plaintiff Brad Chambers is currently held at the Pulaski County Detention Facility. He filed this § 1983 lawsuit claiming that on November 5, 2018, while incarcerated at the Tucker Unit of the Arkansas Department of Correction (ADC), he was attacked by a fellow inmate and that Defendants Ford and West violated his constitutional rights by failing to protect him. (#2)

Defendants have moved for summary judgment, contending that Mr. Chambers failed to fully exhaust the grievance process before filing his complaint in this lawsuit. (#20) Mr. Chambers has responded to the motion. (#24)

### III.    Exhaustion

The Prison Litigation Reform Act requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

There is no federally mandated grievance process. Instead, each prison or jail is free to establish its own administrative procedure for filing grievances. An inmate's subjective beliefs regarding exhaustion are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

## IV.     Discussion

During all times relevant to this lawsuit, Administrative Directive (AD) 14-16 was in effect. (#21-1) Under AD 14-16, inmates must fully exhaust their administrative remedies as to all defendants before filing a § 1983 lawsuit. (*Id*. at 17-18)

According to the testimony of Terri Brown, the ADC inmate grievance supervisor, she reviewed the nonmedical grievances Mr. Chambers filed during the time period relevant to his claims and found that he filed four such grievances: (TU 18-00891, TU 18-00983, TU 18-00931, TU 18-00933). (#21-7)

A.     Grievance TU 18-00891

In grievance TU 18-00891, Mr. Chambers complained that after he was attacked by inmate Conkey on November 4, 2018, Defendant West allowed inmate Conkey into barracks 3 the next day, where he again attacked Mr. Chambers. (#21-3, p.1) After the second attack, Defendant Ford placed Mr. Chambers in restrictive housing because Mr. Chambers complained that he no longer felt safe in barracks 3. (#21-3, p.1) Mr. Chambers submitted step-two of grievance TU 18-00891 on November 19, 2018. (#21-3, p.1) The Warden responded on December 20, 2018, finding that the grievance had no merit. (#21-3, p.2) Mr. Chambers did not appeal the warden's response, as required to fully exhaust a grievance.[1] (#21-7, p.3)

---

[1] Pursuant to AD 14-16, "[a]fter receiving a response from the Warden. . . if the inmate is not satisfied, he or she may appeal within five (5) working days. . . ." (21-1, p.11)

3

Mr. Chambers does not dispute the fact that he did not appeal the Warden's decision. Instead, he argues that he did not receive either an acknowledgment or a rejection of the unit-level grievance within five business days, as the ADC policy requires; nor did he receive a response from the Warden within 20 days, as required by ADC policy. (#2, p.10)

Under the provisions of AD 14-16, if an inmate does not receive a response to his unit-level grievance, the inmate may move to the next level of the process and appeal to the ADC Director. (#21-1, p.10) To fully exhaust this grievance, Mr. Chambers should have appealed to the Director after 20 days passed without an acknowledgement, rejection, or response.

Mr. Chambers argues that, without an acknowledgement, rejection, or response from the Warden, he lacked the proper forms required to appeal to the Director. (#24, #25) In response to this argument, however, Ms. Brown explains that Mr. Chambers was required, pursuant to AD 14-16, to keep the yellow and pink copies of his unit-level grievance form so that he would have a form to submit in an appeal. (#21-1, pp.8, 19; #26-1) Mr. Chambers retained the yellow and pink copies of his grievance and could have used either of the retained copies to timely appeal. Because Mr. Chambers did not appeal to the Director, he did not fully exhaust grievance TU 18-00891.

B.   Grievance TU 18-00893

Mr. Chambers submitted step-two of grievance TU 18-00893 on November 14, 2018. In that grievance, he complains that he was attacked by the same inmate on

4

November 4 and 5 of 2018. (#21-4) The ADC determined this grievance to be duplicative of TU-18-00891, even though, inexplicably, Mr. Chambers filed grievance TU 18-00893 before he filed grievance TU-18-00891. (#21-4, p.2) Mr. Chambers did not appeal the decision that the grievance was duplicative. (#21-4, p.2; #21-7) Accordingly, he did not fully exhaust grievance TU 18-00893.

    C.    Grievance TU 18-00931

Mr. Chambers submitted step-two of grievance TU 18-00931 on November 28, 2018. In that grievance he complains that some of his personal property was missing after he was released from restrictive housing. (#21-5, p.1) Grievance TU 18-00931 does not concern the claims set out in this lawsuit. Furthermore, Mr. Chambers signed a waiver as to grievance TU 18-00931, declaring the matter was resolved. (#21-5) Even if grievance TU 18-00931 were relevant, it was not fully exhausted.

    D.    Grievance TU 18-00933

Mr. Chambers submitted step-two of grievance TU 18-00933 on November 26, 2018. In that grievance, he complains that he received a disciplinary for refusing to be housed with an inmate on his enemy alert list. (#21-6, p.1) The Warden responded that Mr. Chambers was not released at the same time as the inmate on his enemy alert list; that there had not been problems between the inmates since they were placed in general population; and that he considered the matter resolved. (#21-6, p.2) Mr. Chambers did not appeal the Warden's decision. (#21-6, p.2; #21-7) Accordingly, Mr. Chambers did not fully exhaust grievance TU 18-00933.

## V.      Conclusion

The Court recommends that Defendants' motion for summary judgment on the issue of exhaustion (#20) be GRANTED. Claims against Defendants Ford and West should be DISMISSED, without prejudice, for failure to exhaust administrative remedies; and this lawsuit should be DISMISSED, without prejudice.

DATED this 5th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE